**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 22, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ALEX MATTHEW,

      Petitioner-Appellant,

v.

MARTY SIRMONS, Warden,

      Respondent-Appellee.

No. 04-6047
(D.C. No. 03-CV-339)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **HARTZ**, **McKAY**, and **PORFILIO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Alex Matthew, an Oklahoma inmate, appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. After a nonjury trial in his

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

underlying criminal case, Matthew was convicted of robbery with a firearm and sentenced to fifteen years' imprisonment. The Oklahoma Court of Criminal Appeals affirmed his conviction and later denied his application for post-conviction relief. Matthew then filed his federal § 2254 habeas petition. After thoroughly reviewing Matthew's petition in a twenty-one-page report and recommendation dated January 9, 2004, the magistrate judge determined that Matthew was not entitled to habeas relief. Over Matthew's objections, the district court adopted the magistrate judge's report and recommendation in its entirety and denied the petition in an order dated January 29, 2004. This court granted a certificate of appealability with respect to Matthew's claims, permitting him to pursue this appeal. *See* 28 U.S.C. § 2253(c)(1). We now vacate the certificate of appealability and dismiss.

To be entitled to federal habeas relief, Matthew must demonstrate that the state courts' resolution of his claims was "contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent, or represented "an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). In district court and on appeal, Matthew has raised three issues. [1]

---

[1] We note that the legal discussion in Matthew's appellate brief is substantially identical to the discussion in his district court brief. For this court,

(continued...)

He maintains that the victim's eyewitness testimony was improperly admitted at his trial, that he was denied substantive due process by the state appellate court's refusal to consider his argument concerning the unfairness of a photo lineup (for lack of an adequate record), and that he received ineffective assistance of trial counsel. [2]

We have reviewed the appellate briefs and the entire record on appeal. The relevant facts of this case are fully and accurately described in the magistrate judge's report and recommendation and we will not repeat them here. Because

---

[1](...continued)
Matthew has changed the term "petitioner" to "appellant" and modified the font size. However, he has not adapted his argument to address the reasoning of the magistrate judge and conclusions reached by the district court. Needless to say, we disapprove of this practice. We are also unwilling to condone Matthew's failure to correct obvious errors. To illustrate, he states in both briefs that a portion of a police officer's testimony "had no purpose other than the [sic] prejudice the jury," even though no jury was present at his trial–the case was tried to the court. *See* Aplt. Br. at 17; Aplt. App., Tab. 2 at 14.

Further, neither Matthew's brief nor the warden's brief complies with 10th Cir. R. 28.2(A), (B). The rule requires appellant's brief to include the magistrate judge's report and recommendation and the district court's order; it calls for appellee's brief to include this material if appellant's brief is deficient in this regard. *Id*.

[2] Matthew's district court and appellate briefs mention ineffective assistance of appellate counsel, but do not provide any support for this type of claim. Like the magistrate judge, we determine that Matthew does not sufficiently assert that appellate counsel provided ineffective assistance and therefore we deem the issue waived. *See Utahns for Better Transp. v. United States Dep't of Transp* ., 305 F.3d 1152, 1175 (10th Cir. 2002), *modified on reh'g* , 319 F.3d 1207 (2003) (stating that "issues will be deemed waived if they are not adequately briefed").

we agree with the magistrate judge's assessment of Matthew's claims, and because these claims have not undergone any refinement on appeal, we decline to duplicate the analysis. Briefly, Matthew failed to show that the state court's conclusion regarding the reliability of the victim's eyewitness testimony was in any way contrary to, or an unreasonable application of Supreme Court law. *See Neil v. Biggers*, 409 U.S. 188, 199-200 (1972) (setting out factors for an evaluation of the constitutionality of a pretrial identification procedure). Furthermore, the Oklahoma Court of Criminal Appeals did not violate Matthew's substantive due-process rights in denying review of his photo lineup. *See Hatch v. Okla.*, 58 F.3d 1447, 1460 (10th Cir. 1995) (summarizing Supreme Court precedent standing for the principle that "there is no constitutional right to an appeal under the Due Process Clause"). Finally, we see no basis for his claims of ineffective assistance of trial counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (requiring a habeas petitioner to establish both that his counsel's performance was deficient and that the deficiency prejudiced his defense).

It is now beyond debate Matthew is not entitled to habeas relief under

§ 2254. The order granting a certificate of appealability is VACATED as improvidently granted, and the appeal is DISMISSED.

Entered for the Court


John C. Porfilio
Circuit Judge

04-6047, *Matthew v. Sirmons*

**HARTZ** , Circuit Judge, dissenting:

I agree that Mr. Matthew should be denied relief for essentially the reasons set forth in the magistrate judge's report and recommendation. Rather than quashing the certificate of appealability (COA), however, I would recognize the COA and affirm the district court judgment.

The decision to grant a COA is a preliminary one. The nature of the process is described in *Miller-El v. Cockrell* , 537 U.S. 332, 336-42 (2003):

> The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits. We look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason. *This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it* .
> . . .
>
> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.
> . . .
>
> Deciding the substance of an appeal in what should only be a threshold inquiry undermines the concept of a COA. The question is the debatability of the underlying constitutional claim, not the resolution of that debate.

(emphasis added). To say, as does the majority opinion, that the COA in this case was "improvidently granted" is to say that the judge who granted the COA either (1) should have inquired more deeply into the matter before issuing the certificate

or (2) could not reasonably have seen potential issues of substance in Mr. Matthew's claims. In my view, the first ground for vacating the COA would be contrary to the directives of the Supreme Court concerning how to perform the task of deciding whether to grant a COA, and the second ground amounts to a determination that the judge issuing the COA was not just wrong, but unreasonable. Moreover, once the matter has been fully briefed, I see no purpose served by quashing the COA rather than affirming the judgment below.